## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| JOHN L. FOSTER | : |
| | : C.A. No. 06-0244 |
| Plaintiff, | : |
| | : Judge John D. Bates |
| v. | : |
| | : |
| HOWARD UNIVERSITY HOSPITAL, | : |
| | : |
| Defendant. | : |

### DEFENDANT HOWARD UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Howard University Hospital ("the University"), by and through the undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff John Foster's Complaint against Defendant University for failing to state a claim upon which relief can be granted. Plaintiff Foster has failed to allege facts which evidence that Defendant University violated his civil rights. In support of its Motion, Defendant refers this Court to the attached memorandum of points and authorities.

Respectfully submitted,

    /s/
_____
Angela R. Williams, #466263
Senior Associate General Counsel
Office of the General Counsel
2400 6th St., N.W., Suite 321
Washington, DC  20059
(202) 806-2650 (office)
(202) 806-6357 (Facsimile)
**Attorney for Defendant**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOHN L. FOSTER<br><br>　　　　Plaintiff,<br><br>v.<br><br>HOWARD UNIVERSITY HOSPITAL,<br><br>　　　　Defendants. | C.A. No. 06-0244<br><br>Judge John D. Bates |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Howard University Hospital ("the University") by and through the undersigned counsel, submits this memorandum of points and authorities in support of its Motion to Dismiss Plaintiff's Complaint and states the following.

#### I.   RELEVANT FACTS

On February 10, 2006, in the United States District Court for the District of Columbia, Plaintiff John L. Foster ("Mr. Foster") filed a lawsuit against the University. In the Complaint, Mr. Foster alleges that the University denied him medical treatment by refusing to provide x-rays for his head or hand. See, Exhibit 1. Mr. Foster further alleges that the University violated the Civil Rights Act of 1964, but Mr. Foster does not give any indication as to how the University violated this Act.

#### II.   ARGUMENT

A.   **Legal Standard**

Dismissal under Rule 12(b)(6) of the D.C. Superior Court Rules of Civil Procedure may be appropriate when a successful affirmative defense or other bar to relief appears on the face of the Complaint. See, Baker v. Director, United States Parole

3

Commission, et al., 916 F.2d 725 (D.C. Cir. 1990). The purpose of a Rule 12(b)(6) motion "is to test the formal sufficiency of a statement of the claim for relief…" See, Brown v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Accordingly, under Rule 12(b)(6), dismissal is appropriate "where plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

### B. Mr. Foster Has Failed to Establish a Cause of Action for Discrimination

The Federal Rules of Civil Procedure require that the defendant receive fair notice of what the plaintiff's claim is and the grounds upon which the claims rest. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). In Mr. Foster's Complaint against the University, he states that the University violated the Civil Rights Act of 1964. See, Exhibit 1. Yet, Mr. Foster does not provide a factual basis for this accusation. Mr. Foster also does not indicate the means by which the University allegedly violated this civil rights law. Since Mr. Foster has not accurately notified the University of the claims against it, the University is unable to successfully mount a defense against Plaintiff's claims. Thus, Mr. Foster has failed to state a claim upon which relief can be granted.

In addition to failing to adequately place the University on notice of the grounds of the claim, Mr. Foster does not, in any way, indicate that the University discriminated against him by treating him differently than any other patient. At most, Mr. Foster alleges that the University refused to provide a certain medical procedure to him. See, Exhibit 1. This allegation does not rise to the level of alleging a violation of a civil rights law. Therefore, Mr. Foster has failed to state a claim upon which relief can be granted and this court should dismiss Mr. Foster's claim against the University.

## III. CONCLUSION

For the foregoing reasons, Defendant Howard University Hospital respectfully requests this Court to dismiss Mr. John Foster's Complaint.

Respectfully submitted,

　　　　/s/　　　　　　　
Angela R. Williams, #466263
Senior Associate General Counsel
Office of the General Counsel
2400 6th St., N.W., Suite #321
Washington, DC  20059
(202) 806-2650 (office)
(202) 806-6357 (Facsimile)
Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHARON L. MITCHELL | : |
| | : C.A. No. 06-0244 |
| Plaintiff, | : |
| | : Judge John D. Bates |
| v. | : |
| HOWARD UNIVERSITY HOSPITAL, | : |
| Defendants | : |

**ORDER**

Upon consideration of Defendant Howard University's Motion to Dismiss, and the Memorandum of Points and Authorities in support of the Motion, any opposition hereto, and reply, if any, and the record herein, it is this ____ day of March 2006

**ORDERED:** that Defendant Howard University's Motion to Dismiss shall be GRANTED; and

**FURTHER ORDERED:** that Plaintiff John Foster's Complaint against Defendant Howard University is dismissed with prejudice.

_____
Honorable John D. Bates
Judge, United States District Court

Copies to:

Angela R. Williams
Howard University
Office of the General Counsel
2400 6th Street, N.W., Suite 321
Washington, DC 20059

John Foster
11 R Street, N.E.
Apt. 101
Washington, D.C.  20002

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant Howard University's Motion to Dismiss was mailed first class, postage prepaid, on this 10th day of March, 2006 to:

   John Foster
11 R Street, N.E.
Apt. 101
Washington, D.C.  20002
*Pro Se Plaintiff*


       \_/s/_____
Angela R. Williams