United States District Court For the
District of Columbia

Civil Action No. 244
JDB

John Laws Foster Sr.
Plaintiff

vs

Howard University Hospital

Plaintiff Motion in Opposition of Defedant Motion to Dismiss this complaint

(1) lack of Jurisdiction over the person, lack of Jurisdiction over the subject matter (2) improper venue, (4) insufficiency of process, (5) insufficiency of service of process (6) failure to state a claim upon which relief can be granted (7) failure to join a party under rule (19). A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

RECEIVED
MAR 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court for the
District of Columbia

John Laws Foster
Plaintiff
vs

Howard University Hospital

Civil Action No. 244
JDS

II

Plaintiff Motion in opposition of Defendant Motion to Dismiss Complaint. and Motion to have a trial by Jury and without a Judge.

If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. III I John Laws Foster require a trial by Jury. see Exhibit: Magistrate Judge Trial by Consent and appeal: Powers: Procedure B) Consent: I John Laws Foster Consent to magistrate with a 12 panel Jury. Rule 73 Federal Rules of Civil Procedure — Clark Boardman Callaghan 88 20

# Rule 73

# Magistrate Judges; Trial by Consent and Appeal

(a) **Powers; Procedure.** When specially designed to exercise such jurisdiction by local rule or order of the district court and when all parties consent thereto, a magistrate judge may exercise the authority provided by Title 28 U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case. A record of the proceedings shall be made in accordance with the requirements of Title 28 U.S.C. § 636(c)(5).

(b) **Consent.** When a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, as authorized by Title 28 U.S.C. § 636(c). If, within the period specified by local rule, the parties agree to a magistrate judge's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.

A district judge, magistrate judge, or other court official may again advise the parties of the availability of the magistrate judge, but, in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. A district judge or magistrate judge shall not be informed of a party's response to the clerk's notification, unless all parties have consented to the referral of the matter to a magistrate judge.

The district judge, for good cause shown on the judge's own initiative, or under extraordinary circumstances shown by a party, may vacate a reference of a civil matter to a magistrate judge under this subdivision.

such sixty-day period, the court may extend such period for an additional period, not to exceed a cumulative total of one hundred and twenty days, if it believes there then exists a reasonable possibility of securing voluntary compliance.

Sec. 205. The Service is authorized to make a full investigation of any complaint referred to it by the court under section 204(d) and may hold such hearings with respect thereto as may be necessary. The Service shall conduct any hearings with respect to any such complaint in executive session, and shall not release any testimony given therein except by agreement of all parties involved in the complaint with the permission of the court, and the Service shall endeavor to bring about a voluntary settlement between the parties.

Sec. 206. (a) Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this title, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint (1) signed by him (or in his absence the Acting Attorney General), (2) setting forth facts pertaining to such pattern or practice, and (3) requesting such preventive relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described.

(b) In any such proceeding the Attorney General may file with the clerk of such court a request that a court of three judges be convened to hear and determine the case. Such request by the Attorney General shall be accompanied by a certificate that, in his opinion, the case is of general public importance. A copy of the certificate and request for a three-judge court shall be immediately furnished by such clerk to the chief judge of the circuit (or in his absence, the presiding circuit judge of the circuit) in which the case is pending. Upon receipt of the copy of such request it shall be the duty of the chief judge of the circuit or the presiding circuit judge, as the case may be, to designate immediately three judges in such circuit, of whom at least one shall be a circuit judge and another of whom shall be a district judge of the court in which the proceeding was instituted, to hear and determine such case, and it shall be the duty of the judges so designated to assign the case for hearing at the earliest practicable date, to participate in the hearing and determination thereof, and to cause the case to be in every way expedited. An appeal from the final judgment of such court will lie to the Supreme Court.

In the event the Attorney General fails to file such a request in any such proceeding, it shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, or the acting chief judge, as the case may be, shall certify this

fact to the chief judge of the circuit (or in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case.

It shall be the duty of the judge designated pursuant to this section to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited.

Sec. 207. (a) The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this title and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law.

(b) The remedies provided in this title shall be the exclusive means of enforcing the rights based on this title, but nothing in this title shall preclude any individual or any State or local agency from asserting any right based on any other Federal or State law not inconsistent with this title, including any statute or ordinance requiring nondiscrimination in public establishments or accommodations, or from pursuing any remedy, civil or criminal, which may be available for the vindication or enforcement of such right.

## TITLE III—DESEGREGATION OF PUBLIC FACILITIES

Sec. 301. (a) Whenever the Attorney General receives a complaint in writing signed by an individual to the effect that he is being deprived of or threatened with the loss of his right to the equal protection of the laws, on account of his race, color, religion, or national origin, by being denied equal utilization of any public facility which is owned, operated, or managed by or on behalf of any State or subdivision thereof, other than a public school or public college as defined in section 401 of title IV hereof, and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of an action will materially further the orderly progress of desegregation in public facilities, the Attorney General is authorized to institute for or in the name of the United States a civil action in any appropriate district court of the United States against such parties and for such relief as may be appropriate, and such court shall have and shall exercise jurisdiction of proceedings instituted pursuant to this section. The Attorney General may implead as defendants such additional parties as are or become necessary to the grant of effective relief hereunder.

(b) The Attorney General may deem a person or persons unable to initiate and maintain appropriate legal proceedings within the meaning of subsection (a) of this section when such person or persons are unable, either directly or through other interested persons or organizations, to bear the expense of the litigation or to obtain effective legal representation; or whenever he is satisfied that the institution of such litigation would jeopardize the personal safety, employment, or economic standing of such person or persons, their families, or their property.

Sec. 302. In any action or proceeding under this title the United States shall be liable for costs, including a reasonable attorney's fee, the same as a private person.

Sec. 303. Nothing in this title shall affect adversely the right of any person to sue for or obtain relief in any court against discrimination in any facility covered by this title.

Sec. 304. A complaint as used in this title is a writing or document within the meaning of section 1001, title 18, United States Code.

## TITLE IV—DESEGREGATION OF PUBLIC EDUCATION

### DEFINITIONS

Sec. 401. As used in this title—

(a) "Commissioner" means the Commissioner of Education.

(b) "Desegregation" means the assignment of students to public schools and within such schools without regard to their race, color, religion, or national origin, but "desegregation" shall not mean the assignment of students to public schools in order to overcome racial imbalance.

(c) "Public school" means any elementary or secondary educational institution, and "public college" means any institution of higher education or any technical or vocational school above the secondary school level, provided that such public school or public college is operated by a State, subdivision of a State, or governmental agency within a State, or operated wholly or predominantly from or through the use of governmental funds or property, or funds or property derived from a governmental source.

(d) "School board" means any agency or agencies which administer a system of one or more public schools and any other agency which is responsible for the assignment of students to or within such system.

### SURVEY AND REPORT OF EDUCATIONAL OPPORTUNITIES

Sec. 402. The Commissioner shall conduct a survey and make a report to the President and the Congress, within two years of the enactment of this title, concerning the lack of availability of equal educational opportunities for individuals by reason of race, color, religion, or national origin in public educational institutions at all levels in the United States, its territories and possessions, and the District of Columbia.

### TECHNICAL ASSISTANCE

Sec. 403. The Commissioner is authorized, upon the application of any school board, State, municipality, school district, or other governmental unit legally responsible for operating a public school or schools, to render technical assistance to such applicant in the preparation, adoption, and implementation of plans for the desegregation of public schools. Such technical assistance may, among other activities, include making available to such agencies information regarding effective methods of coping with special educational problems occasioned by desegregation, and making available to such

agencies personnel of the Office of Education or other persons specially equipped to advise and assist them in coping with such problems.

### TRAINING INSTITUTES

Sec. 404. The Commissioner is authorized to arrange, through grants or contracts, with institutions of higher education for the operation of short-term or regular session institutes for special training designed to improve the ability of teachers, supervisors, counselors, and other elementary or secondary school personnel to deal effectively with special educational problems occasioned by desegregation. Individuals who attend such an institute on a full-time basis may be paid stipends for the period of their attendance at such institute in amounts specified by the Commissioner in regulations, including allowances for travel to attend such institute.

### GRANTS

Sec. 405. (a) The Commissioner is authorized, upon application of a school board, to make grants to such board to pay, in whole or in part, the cost of—

(1) giving to teachers and other school personnel inservice training in dealing with problems incident to desegregation, and

(2) employing specialists to advise in problems incident to desegregation.

(b) In determining whether to make a grant, and in fixing the amount thereof and the terms and conditions on which it will be made, the Commissioner shall take into consideration the amount available for grants under this section and the other applications which are pending before him; the financial condition of the applicant and the other resources available to it; the nature, extent, and gravity of its problems incident to desegregation; and such other factors as he finds relevant.

### PAYMENTS

Sec. 406. Payments pursuant to a grant or contract under this title may be made (after necessary adjustments on account of previously made overpayments or underpayments) in advance or by way of reimbursement, and in such installments, as the Commissioner may determine.

### SUITS BY THE ATTORNEY GENERAL

Sec. 407. (a) Whenever the Attorney General receives a complaint in writing—

(1) signed by a parent or group of parents to the effect that his or their minor children, as members of a class of persons similarly situated, are being deprived by a school board of the equal protection of the laws, or

(2) signed by an individual, or his parent, to the effect that he has been denied admission to or not permitted to continue in attendance at a public college by reason of race, color, religion, or national origin,

**P.L. 88-352**  LAWS OF 88TH CONG.—2ND SESS.  July 2

(b) Section 104(b) of the Civil Rights Act of 1957 (42 U.S.C. 1975c(b); 71 Stat. 635), as amended,[60] is further amended by striking out the present subsection "(b)" and by substituting therefor:

"(b) The Commission shall submit interim reports to the President and to the Congress at such times as the Commission, the Congress or the President shall deem desirable, and shall submit to the President and to the Congress a final report of its activities, findings, and recommendations not later than January 31, 1968."

Sec. 505. Section 105(a) of the Civil Rights Act of 1957 (42 U.S.C. 1975d(a); 71 Stat. 636)[61] is amended by striking out in the last sentence thereof "$50 per diem" and inserting in lieu thereof "$75 per diem."

Sec. 506. Section 105(f) and section 105(g) of the Civil Rights Act of 1957 (42 U.S.C. 1975d(f) and (g); 71 Stat. 636)[62] are amended to read as follows:

"(f) The Commission, or on the authorization of the Commission any subcommittee of two or more members, at least one of whom shall be of each major political party, may, for the purpose of carrying out the provisions of this Act, hold such hearings and act at such times and places as the Commission or such authorized subcommittee may deem advisable. Subpenas for the attendance and testimony of witnesses or the production of written or other matter may be issued in accordance with the rules of the Commission as contained in section 102(j) and (k) of this Act, over the signature of the Chairman of the Commission or of such subcommittee, and may be served by any person designated by such Chairman. The holding of hearings by the Commission, or the appointment of a subcommittee to hold hearings pursuant to this subparagraph, must be approved by a majority of the Commission, or by a majority of the members present at a meeting at which at least a quorum of four members is present.

"(g) In case of contumacy or refusal to obey a subpena, any district court of the United States or the United States court of any territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which said person is carried on or within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or is domiciled or transacts business, or has appointed an agent for receipt of service of process, upon application by the Attorney General of the United States shall have jurisdiction to issue to such person an order requiring such person to appear before the Commission or a subcommittee thereof, there to produce pertinent, relevant and nonprivileged evidence if so ordered, or there to give testimony touching the matter under investigation; and any failure to obey such order of the court may be punished by said court as a contempt thereof."

Sec. 507. Section 105 of the Civil Rights Act of 1957 (42 U.S.C. 1975d; 71 Stat. 636), as amended by section 401 of the Civil Rights

---

60. 42 U.S.C.A. § 1975c(b).
61. 42 U.S.C.A. § 1975d(a).
62. 42 U.S.C.A. § 1975d(f), (g).

---

July 2  CIVIL RIGHTS ACT OF 1964  **P.L. 88-352**

Act of 1960 (42 U.S.C. 1975d(h); 74 Stat. 89),[63] is further amended by adding a new subsection at the end to read as follows:

"(i) The Commission shall have the power to make such rules and regulations as are necessary to carry out the purposes of this Act."

### TITLE VI—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

Sec. 601. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Sec. 602. Each Federal department and agency which is empowered to extend Federal financial assistance to any program or activity, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of section 601 with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. No such rule, regulation, or order shall become effective unless and until approved by the President. Compliance with any requirement adopted pursuant to this section may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with such requirement, but such termination or refusal shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made and, shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found, or (2) by any other means authorized by law: *Provided, however*, That no such action shall be taken until the department or agency concerned has advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means. In the case of any action terminating, or refusing to grant or continue, assistance because of failure to comply with a requirement imposed pursuant to this section, the head of the Federal department or agency shall file with the committees of the House and Senate having legislative jurisdiction over the program or activity involved a full written report of the circumstances and the grounds for such action. No such action shall become effective until thirty days have elapsed after the filing of such report.

Sec. 603. Any department or agency action taken pursuant to section 602 shall be subject to such judicial review as may otherwise be provided by law for similar action taken by such department or agency on other grounds. In the case of action, not otherwise subject to judicial review, terminating or refusing to grant or to continue financial assistance upon a finding of failure to comply with any requirement imposed pursuant to section 602, any person aggrieved

---

63. 42 U.S.C.A. § 1975d(h).

**P.L. 88-352**  LAWS OF 88TH CONG.—2ND SESS.  July 2

and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of an action will materially further the orderly achievement of desegregation in public education, the Attorney General is authorized, after giving notice of such complaint to the appropriate school board or college authority and after certifying to the appropriate district court of the United States that he is satisfied that such board or authority has had a reasonable time to adjust the conditions alleged in such complaint, to institute for or in the name of the United States a civil action in any appropriate district court of the United States against such parties and for such relief as may be appropriate, and such court shall have and shall exercise jurisdiction of proceedings instituted pursuant to this section, provided that nothing herein shall empower any official or court of the United States to issue any order seeking to achieve a racial balance in any school by requiring the transportation of pupils or students from one school to another or one school district to another in order to achieve such racial balance, or otherwise enlarge the existing power of the court to insure compliance with constitutional standards. The Attorney General may implead as defendants such additional parties as are or become necessary to the grant of effective relief hereunder.

(b) The Attorney General may deem a person or persons unable to initiate and maintain appropriate legal proceedings within the meaning of subsection (a) of this section when such person or persons are unable, either directly or through other interested persons or organizations, to bear the expense of the litigation or to obtain effective legal representation; or whenever he is satisfied that the institution of such litigation would jeopardize the personal safety, employment, or economic standing of such person or persons, their families, or their property.

(c) The term "parent" as used in this section includes any person standing in loco parentis. A "complaint" as used in this section is a writing or document within the meaning of section 1001, title 18, United States Code.

Sec. 408. In any action or proceeding under this title the United States shall be liable for costs the same as a private person.

Sec. 409. Nothing in this title shall affect adversely the right of any person to sue for or obtain relief in any court against discrimination in public education.

Sec. 410. Nothing in this title shall prohibit classification and assignment for reasons other than race, color, religion, or national origin.

## TITLE V—COMMISSION ON CIVIL RIGHTS

Sec. 501. Section 102 of the Civil Rights Act of 1957 (42 U.S.C. 1975a; 71 Stat. 634) [56] is amended to read as follows:

"Sec. 102. (a) At least thirty days prior to the commencement of any hearing, the Commission shall cause to be published in the Federal Register notice of the date on which such hearing is to commence, the place at which it is to be held and the subject of the hearing. The Chairman, or one designated by him to act as Chairman at a hearing of the Commission, shall announce in an opening statement the subject of the hearing.

"(b) A copy of the Commission's rules shall be made available to any witness before the Commission, and a witness compelled to appear before the Commission or required to produce written or other matter shall be served with a copy of the Commission's rules at the time of service of the subpena.

"(c) Any person compelled to appear in person before the Commission shall be accorded the right to be accompanied and advised by counsel, who shall have the right to subject his client to reasonable examination, and to make objections on the record and to argue briefly the basis for such objections. The Commission shall proceed with reasonable dispatch to conclude any hearing in which it is engaged. Due regard shall be had for the convenience and necessity of witnesses.

"(d) The Chairman or Acting Chairman may punish breaches of order and decorum by censure and exclusion from the hearings.

"(e) If the Commission determines that evidence or testimony at any hearing may tend to defame, degrade, or incriminate any person, it shall receive such evidence or testimony or summary of such evidence or testimony in executive session. The Commission shall afford any person defamed, degraded, or incriminated by such evidence or testimony an opportunity to appear and be heard in executive session, with a reasonable number of additional witnesses requested by him, before deciding to use such evidence or testimony. In the event the Commission determines to release or use such evidence or testimony in such manner as to reveal publicly the identity of the person defamed, degraded, or incriminated, such evidence or testimony, prior to such public release or use, shall be given at a public session, and the Commission shall afford such person an opportunity to appear as a voluntary witness or to file a sworn statement in his behalf and to submit brief and pertinent sworn statements of others. The Commission shall receive and dispose of requests from such person to subpena additional witnesses.

"(f) Except as provided in sections 102 and 105(f) of this Act, the Chairman shall receive and the Commission shall dispose of requests to subpena additional witnesses.

"(g) No evidence or testimony or summary of evidence or testimony taken in executive session may be released or used in public sessions without the consent of the Commission. Whoever releases or uses in public without the consent of the Commission such evidence or testimony taken in executive session shall be fined not more than $1,000, or imprisoned for not more than one year.

"(h) In the discretion of the Commission, witnesses may submit brief and pertinent sworn statements in writing for inclusion in the record. The Commission shall determine the pertinency of testimony and evidence adduced at its hearings.

P.L. 88-352          LAWS OF 88TH CONG.—2ND SESS.          July 2

"(1) Every person who submits data or evidence shall be entitled to retain or, on payment of lawfully prescribed costs, procure a copy or transcript thereof, except that a witness in a hearing held in executive session may for good cause be limited to inspection of the official transcript of his testimony. Transcript copies of public sessions may be obtained by the public upon the payment of the cost thereof. An accurate transcript shall be made of the testimony of all witnesses at all hearings, either public or executive sessions, of the Commission or of any subcommittee thereof.

"(j) A witness attending any session of the Commission shall receive $6 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 10 cents per mile for going from and returning to his place of residence. Witnesses who attend at points so far removed from their respective residences as to prohibit return thereto from day to day shall be entitled to an additional allowance of $10 per day for expenses of subsistence, including the time necessarily occupied in going to and returning from the place of attendance. Mileage payments shall be tendered to the witness upon service of a subpena issued on behalf of the Commission.

"(k) The Commission shall not issue any subpena for the attendance and testimony of witnesses or for the production of written or other matter which would require the presence of the party subpenaed at a hearing to be held outside of the State wherein the witness is found or resides or is domiciled or transacts business, or has appointed an agent for receipt of service of process except that, in any event, the Commission may issue subpenas for the attendance and testimony of witnesses and the production of written or other matter at a hearing held within fifty miles of the place where the witness is found or resides or is domiciled or transacts business or has appointed an agent for receipt of service of process.

"(l) The Commission shall separately state and currently publish in the Federal Register (1) descriptions of its central and field organization including the established places at which, and methods whereby, the public may secure information or make requests; (2) statements of the general course and method by which its functions are channeled and determined, and (3) rules adopted as authorized by law. No person shall in any manner be subject to or required to resort to rules, organization, or procedure not so published."

Sec. 502. Section 103(a) of the Civil Rights Act of 1957 (42 U.S.C. 1975b(a); 71 Stat. 634) [57] is amended to read as follows:

"Sec. 103. (a) Each member of the Commission who is not otherwise in the service of the Government of the United States shall receive the sum of $75 per day for each day spent in the work of the Commission, shall be paid actual travel expenses, and per diem in lieu of subsistence expenses when away from his usual place of residence, in accordance with section 5 of the Administrative Expenses Act of 1946, as amended (5 U.S.C. 73b-2; 60 Stat. 808)."

---

[57] 42 U.S.C.A. § 1975b(a).

298

---

July 2          CIVIL RIGHTS ACT OF 1964          P.L. 88-352

Sec. 503. Section 103(b) of the Civil Rights Act of 1957 (42 U.S.C. 1975b(b); 71 Stat. 634) [58] is amended to read as follows:

"(b) Each member of the Commission who is otherwise in the service of the Government of the United States shall serve without compensation in addition to that received for such other service, but while engaged in the work of the Commission shall be paid actual travel expenses, and per diem in lieu of subsistence expenses when away from his usual place of residence, in accordance with the provisions of the Travel Expenses Act of 1949, as amended (5 U.S.C. 835-42; 63 Stat. 166)."

Sec. 504. (a) Section 104(a) of the Civil Rights Act of 1957 (42 U.S.C. 1975c(a); 71 Stat. 635), as amended, is further amended to read as follows:

"DUTIES OF THE COMMISSION

"Sec. 104. (a) The Commission shall—

"(1) investigate allegations in writing under oath or affirmation that certain citizens of the United States are being deprived of their right to vote, and have that vote counted by reason of their color, race, religion, or national origin; which writing, under oath or affirmation, shall set forth the facts upon which such belief or beliefs are based;

"(2) study and collect information concerning legal developments constituting a denial of equal protection of the laws under the Constitution because of race, color, religion or national origin or in the administration of justice;

"(3) appraise the laws and policies of the Federal Government with respect to denials of equal protection of the laws under the Constitution because of race, color, religion or national origin or in the administration of justice;

"(4) serve as a national clearinghouse for information in respect to denials of equal protection of the laws because of race, color, religion or national origin, including but not limited to the fields of voting, education, housing, employment, the use of public facilities, and transportation, or in the administration of justice;

"(5) investigate allegations, made in writing and under oath or affirmation, that citizens of the United States are unlawfully being accorded or denied the right to vote, or to have their vote properly counted, in any election of presidential electors, Members of the United States Senate, or of the House of Representatives, as a result of any patterns or practice of fraud or discrimination in the conduct of such election; and

"(6) Nothing in this or any other Act shall be construed as authorizing the Commission, its Advisory Committees, or any person under its supervision or control to inquire into or investigate any membership practices or internal operations of any fraternal organization, any college or university fraternity or sorority, any private club or any religious organization."

---

[58] 42 U.S.C.A. § 1975b(b).
[59] 42 U.S.C.A. § 1975c(a).

299

certificate of service

civil action 244

I, Mr John Laws Foster will mail a copy of this opposition of defendant's motion to dismiss on 3-21-06

To Howard University Hospital.

Counsel General:

Angela Rahael William
2400-sixth street N.W.
suite 321
Washington DC 20059

Mr John Laws Foster Sr
11-R-ST-NE-APT-101
WASH, DC 20002