PRAECIPE

# United States District Court
# for the District of Columbia

the ~~4th~~ 28 day of March 2006

Mr John Laws Foster SR
vs.
Howard University Hospital

Civil / Criminal: civil action
Action No. 06-244 JDB

The Clerk of said Court will please add the attached form to the motion filed March 21, 2006.

---

Date: March 28th-06

BAR IDENTIFICATION NO.

RECEIVED
MAR 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Signature: Mr John Laws Foster SR
Print Name: JOHN LAWS FOSTER - SR
Address: 11-R-ST-N.E - APT-101
City: Washington  State: DC  Zip Code: 20006
Phone Number:

## CERTIFICATE OF SERVICE

This is to ~~certify~~ certify that a copy of this PRAECIPE was filed to General Counsel Angelo Rahael William - 2400 Sixth Street NW Suite 321 - Wash, DC 20059

P.L. 88-352    LAWS OF 88TH CONG.—2ND SESS.    July 2

if its operations affect commerce, or if discrimination or segregation by it is supported by State action:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A) (i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

(c) The operations of an establishment affect commerce within the meaning of this title if (1) it is one of the establishments described in paragraph (1) of subsection (b); (2) in the case of an establishment described in paragraph (2) of subsection (b), it serves or offers to serve interstate travelers or a substantial portion of the food which it serves, or gasoline or other products which it sells, has moved in commerce; (3) in the case of an establishment described in paragraph (3) of subsection (b), it customarily presents films, performances, athletic teams, exhibitions, or other sources of entertainment which move in commerce; and (4) in the case of an establishment described in paragraph (4) of subsection (b), it is physically located within the premises of, or there is physically located within its premises, an establishment the operations of which affect commerce within the meaning of this subsection. For purposes of this section, "commerce" means travel, trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia and any State, or between any State or the District of Columbia and any State, or between any foreign country and any State or the District of Columbia, or between points in the same State but through any other State or the District of Columbia or a foreign country.

(d) Discrimination or segregation by an establishment is supported by State action within the meaning of this title if such discrimination or segregation (1) is carried on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color of the State or any custom or usage required or enforced by officials of the State or any political subdivision thereof; or (3) is required by action of the State or political subdivision thereof.

(e) The provisions of this title shall not apply to a private club or other establishment not in fact open to the public, except to the extent that the facilities of such establishment are made available

to the customers or patrons of an establishment within the scope of subsection (b).

Sec. 202. All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

Sec. 203. No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 201 or 202, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 201 or 202, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 201 or 202.

Sec. 204. (a) Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 203, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security.

(b) In any action commenced pursuant to this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person.

(c) In the case of an alleged act or practice prohibited by this title which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

(d) In the case of an alleged act or practice prohibited by this title which occurs in a State, or political subdivision of a State, which has no State or local law prohibiting such act or practice, a civil action may be brought under subsection (a): Provided, That the court may refer the matter to the Community Relations Service established by title X of this Act for as long as the court believes there is a reasonable possibility of obtaining voluntary compliance, but for not more than sixty days: Provided further, That upon expiration of