UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN L. FOSTER,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>HOWARD UNIVERSITY HOSPITAL,<br><br>　　　Defendant. | Civil Action No.  06-244 (JDB) |

## MEMORANDUM OPINION and ORDER

This matter is before the Court on defendant's motion to dismiss.  Having considered the motion and plaintiff's opposition, the motion will be denied without prejudice.[1]

### I.  BACKGROUND

In a two-page hand-written complaint, plaintiff alleges that, on November 7, 2005, he arrived by ambulance at Howard University Hospital with injuries to his head and left hand. Complaint ("Compl.") at 1-2.  He further alleges that he waited eight hours but was not treated. *Id.* at 1.  He contends that Howard University Hospital is a public facility which "violates the nineteen-Sixty-four [sic] Federal civil rights law, outlawing segregation in a public [f]acility." *Id.* at 2.  He demands damages of $250 million.  *Id.*

### II.  DISCUSSION

Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of

---

[1]　Also before the Court are plaintiff's motions for judgment.  Both motions will be denied without prejudice.

Civil Procedure on the ground that the complaint does not provide adequate notice of the claims against it. *See* Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss ("Def.'s Mot.") at 4.[2] A complaint should not be dismissed pursuant to Rule 12(b)(6) unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). The ruling on a motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court liberally construes a *pro se* complaint. "[H]owever inartfully pleaded," it is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley*, 355 U.S. at 45-46).

The complaint admittedly is short on details. However, a pleading need not "set out the precise facts on which the claim is based." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983). Notice pleading is sufficient. *Id.*; *see Sparrow v. American Airlines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (concluding that employment discrimination complaint need not allege all elements of *prima facie* case at initial pleading stage). Assuming the truth of plaintiff's allegations, the Court does not conclude that he can prove no set of facts in support of his claim that would entitle him to relief. Of course, whether plaintiff can actually prove his case remains

---

[2]   Defendant's motion, supporting memorandum of points and authorities, proposed order, and certificate of service are presented on sequentially numbered pages. The supporting memorandum appears on pages 3 through 5.

to be seen.

Although the complaint withstands this initial Rule 12(b)(6) motion, it does appear that the pleading "is so vague or ambiguous that [defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  For example, plaintiff alleges that Howard University Hospital violates a federal statute which outlaws segregation, but the complaint does not state the alleged basis for the segregation (such as race) or describe how the alleged segregation took place.  Defendant notes that plaintiff "does not, in any way, indicate that the University discriminated against him by treating him differently than any other patient." Def.'s Mot. at 4.

In order to advance this litigation, the Court will direct plaintiff to file either an amended complaint or a more definite statement.  This pleading should be presented clearly in a format that both facilitates the Court's understanding of plaintiff's claims and enables defendant to prepare a proper response.  It shall contain a caption setting forth the name of the court, the names of the parties, and the civil action number.  Fed. R. Civ. P. 10(a).  "All averments of a claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."  *Id.*

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [#4] is DENIED WITHOUT PREJUDICE, and it is further

ORDERED that plaintiff's motions for money judgment [#3, 7] are DENIED WITHOUT PREJUDICE, and it is further

ORDERED that, on or before May 22, 2006, plaintiff shall file either an amended complaint or a more definite statement of his claims in a format consistent with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to comply with this Order by that date may result in dismissal of the case. It is further

ORDERED that, on or before June 12, 2006, defendant shall file an answer or other responsive pleading.

SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

Dated: April 19, 2006