United States District Court for the District of Columbia - 333 - Constitution Ave. Wash. DC 20001

Mr. John Laws Foster Sr.
11-R-St-N.E - Apt - 101
Washington DC - 20002
vs
Howard University Hospital
Angela Williams # 46626
Office of the General Counsel
2400 - 6th Street NW
Suite 321 - Washington DC
20059

Case Number 1:06CV00244
Judge John D. Bates
Civil Rights
2-10-2006

Amended Complaint

On November 7, 2005, I, John Laws Foster was brought to Howard University Hospital by ambulance. I was not waited on for eight hours, until finally I was forced to leave because of denial of performance, to get medical attention from a drug store.

over

RECEIVED
MAY - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Foster VS Hospital H.U.H.

My head was swelled about six inches, and my left hand was also swollen. I had know idea to this very day, if anything was broken or not. This violates the nineteen-sixty four, Federal civil rights law, outlawing segregation is a public Facility. Howard University is a public facility. The refused me <u>denial</u> of performance by refusing me x-rays of my Head and my hand. I am asking for a trial by Jury and demand Judgement in the sum of 250,000,000 two hundred and Fifty millions dollars. for Violating my Civil Rights

Mr. John Lewis Foster

11-R-ST-NE - APT-101 - WASH, DC 20002.

Case 1:06-CV-00244-JDB.

**Disfavored Motion:** The Rules require the pleader to serve only a short, plain statement showing an entitlement to relief. Due to these liberal pleading requirements in Federal Court, motions for a more definite statement are disfavored and granted only sparingly. They are not a substitute for discovery, and ordinarily will not be granted where the information sought could obtained in discovery.

**Legal test:** As a disfavored remedy, motions for a more definite statement will ordinarily only be granted where the pleading is "unintelligible, so hopelessly vague and ambiguous that a defendant cannot fairly be expected to frame a response or denial, at least not without risking prejudice. Nevertheless, courts continue to grant these motions, even though disfavored, where the minimal federal notice pleading standards are not met. Just as Rule (E) motions are not legitimate substitute for discovery.

Prejudice on Dismissal: Federal Rules of Civil Procedure: A Dismissal for insufficient process or service is generally without prejudice and will not preclude the plaintiff from attempting to re-serve properly. <u>Remedy</u>: a party may request that the case be dismissed under this rule or alternatively, that service be quashed and re-attempted. If service or process is found to be ineffective, the court has discretion to either dismiss or quash. The courts will generally prefer to quash, rather than dismiss, where there is a reasonable prospect that the defendant can be properly served with sufficient process. The courts will only dismiss when the failure of process or service prejudices the defendant or where proper service is unlikely to be accomplished. Conley vs Gibson: a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would intitle him to relief.

Discovery is not a fair substitute for proper notice of pleading. Both the Court and the litigants are entitled to know, at the pleading stage, who is sued, why, and for what. The decision to grant, or deny, why, and for what. The decision to grant or deny a motion for a more definite statement is committed to the district court's sound ~~statement~~ discretion.

Mr. John Laws Foster Sr
11-R-ST-NE
APT-101- WASH, DC 20002