UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOHN L. FOSTER | : |
| Plaintiff, | : C.A. No. 06-0244 |
| v. | : Judge John D. Bates |
| HOWARD UNIVERSITY HOSPITAL, | : |
| Defendant. | : |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Howard University d/b/a Howard University Hospital ("the Hospital"), by and through the undersigned counsel, and pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, moves this Court to grant summary judgment in favor of Defendant. Plaintiff Foster has failed to establish a *prima facie* case of discrimination. In support of its Motion, Defendant refers this Court to the attached memorandum of points and authorities.

Respectfully submitted,

/s/
Angela R. Williams, #466263
Senior Associate General Counsel
Office of the General Counsel
2400 6th St., N.W., Suite 321
Washington, DC 20059
(202) 806-2650 (office)
(202) 806-6357 (Facsimile)
**Attorney for Defendant**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOHN L. FOSTER : | |
| : | C.A. No. 06-0244 |
| Plaintiff, : | |
| : | Judge John D. Bates |
| v. : | |
| HOWARD UNIVERSITY HOSPITAL, : | |
| : | |
| Defendants. : | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Howard University d/b/a Howard University Hospital ("the Hospital") by and through the undersigned counsel, submits this memorandum of points and authorities in support of its Motion for Summary Judgment and states the following.

### I.   RELEVANT FACTS

On February 10, 2006, in the United States District Court for the District of Columbia, Plaintiff John L. Foster ("Mr. Foster") filed a lawsuit against the University. In the Complaint, Mr. Foster alleges that the University denied him medical treatment by refusing to provide x-rays for his head or hand. Mr. Foster further alleges that the University violated the Civil Rights Act of 1964, but Mr. Foster does not give any indication as to how the University violated this Act.

## II.    ARGUMENT

### A.    Legal Standard

When defendants move for summary judgment, it is the defendant's burden to show the absence of any genuine issue of material fact.  Celotex Corp., 477 U.S. 317, 325 (1986).  The defendants may meet this obligation by showing "that there is an absence of evidence to support the nonmoving party's case."  If the plaintiff "has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then the movant is entitled to judgment.  Id. at 322, 323.  In fact, "once the moving party has properly supported its motion for summary judgment, a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The non-moving party is entitled to "all justifiable inferences in its favor."  See, Anderson, 477 U.S. at 242, 255, (1986).  Furthermore, "factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.  Stated another way, the court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patricia Langon v. U.S. Department of Health and Human Services, 749 F.Supp 1, 4 (D.D.C. 1990), citing Celotex, supra, 477 U.S. at 322.

### B.    Mr. Foster Has Not Established a Prima Facie Case of Discrimination

Title II of the Civil Rights Act of 1964 enacted a sweeping prohibition of discrimination or segregation on the grounds of race, color, religion, or national origin at places of public accommodation whose operations affect commerce.  See, Daniel et al. v.

Paul, 395 U.S. 298 (1969).   Therefore, in order to establish a *prima facie* case of discrimination under Title II of the Civil Rights Act of 1964, a plaintiff must demonstrate that he was discriminated against based on one of the other enumerated factors.  Id.

Here, Mr. Foster has not presented any evidence to demonstrate that the Hospital treated him differently than any other patient at the Hospital.  Moreover, Mr. Foster has not asserted that anyone from the Hospital made any remarks referring to his race, color, religion, or national origin or in any other way made a derogatory reference towards Mr. Foster.  At most, Mr. Foster has made a sweeping conclusory allegation that the Hospital violated his civil rights, without presenting a factual basis for this allegation.

In deciding whether there is a genuine issue of material fact, this Court may not take Mr. Foster's conclusory allegation into consideration.  See, Hussain v. Nicholson, 435 F.3d 359, 365 (D.C. Cir. 2006) (the District court properly granted summary judgment where plaintiff's evidence of religious animus consisted merely of conclusory allegations in his own affidavit); and Dist. Intown Props. Ltd. P'ship v. District of Columbia, 198 F.3d 874, 878 (D.C. Cir. 1999) (in deciding whether there is a genuine issue of material fact, the court must assume the truth of all statements proffered by the non-movant except for conclusory allegations lacking any factual basis in the record.)  Again, Mr. Foster has not stated any factual basis to substantiate his claim of discrimination.  As such, Mr. Foster has not sufficiently established a *prima facie* case of discrimination and Defendant Hospital is entitled to summary judgment as a matter of law.

## III.  CONCLUSION

For the foregoing reasons, Defendant Howard University Hospital respectfully requests this Court to grant summary judgment in favor of Defendant.

Respectfully submitted,

_____/s/_____
Angela R. Williams, #466263
Senior Associate General Counsel
Office of the General Counsel
2400 6th St., N.W., Suite 321
Washington, DC  20059
(202) 806-2650 (office)
(202) 806-6357 (Facsimile)
**Attorney for Defendant**

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| JOHN L. FOSTER : | |
| : | C.A. No. 06-0244 |
| Plaintiff, : | |
| : | Judge John D. Bates |
| v. : | |
| HOWARD UNIVERSITY HOSPITAL, : | |
| Defendant. : | |

## ORDER

Upon consideration of Defendant Howard University Hospital's Motion for Summary Judgment, and the Memorandum of Points and Authorities in support of the Motion, any opposition hereto, and reply, if any, and the record herein, it is this ____day of August 2006:

**ORDERED:** that Defendant Howard University Hospital's Motion for Summary Judgment shall be GRANTED; and

**FURTHER ORDERED:** that Plaintiff John Foster's Complaint against Defendant Howard University is dismissed with prejudice.

_____
Honorable John D. Bates
Judge, United States District Court

Case 1:06-cv-00244-JDB     Document 17     Filed 08/03/2006     Page 7 of 7