**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN L. FOSTER,

    Plaintiff,

       v.

HOWARD UNIVERSITY HOSPITAL,

    Defendant.

Civil Action No.  06-244 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion for summary judgment. Having considered defendant's motion, plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for defendant.

I.  BACKGROUND

Plaintiff alleges that, having sustained injuries to his head and left hand, an ambulance transported him to Howard University Hospital ("HUH") on November 7, 2005. Amd. Compl. at 1-2. He further alleges that HUH, which he describes as a public facility, failed to take x-rays and otherwise denied him medical treatment. *Id.* at 2. Plaintiff alleges that he waited at HUH for eight hours "untill [sic] finally [he] was forced to leave because of denial of performance, to get medical attention from a drug store." *Id.* at 1.

Although plaintiff refers only to "the nineteen sixty[-]four Federal civil rights law[] outlawing segregation," Amd. Compl. at 2, the Court presumes that he brings this action under Title II of the Civil Rights Act of 1964 ("Title II"), *see* 42 U.S.C. § 2000a *et seq.* He demands a declaratory judgment and monetary damages of $250,000,000. *Id.* at 2.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is granted to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment." *Fernandors v. District of Columbia*, 382 F.Supp.2d 63, 68 (D.D.C. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 322).  When evaluating a summary judgment motion, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255; *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).

The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).  If evidence in the non-moving

party's favor is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## B. HUH is Not a Place of Public Accommodation Under Title II

Title II of the Civil Rights Act of 1964 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a) (emphasis added). An establishment "which serves the public is a place of public accommodation . . . if its operations affect commerce, or if discrimination or segregation by it is supported by State action." 42 U.S.C. § 2000a(b). Such establishments include:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

*Id.* The statute "sets forth a comprehensive list of establishments that qualify as a place of public accommodation and in so doing excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (internal

quotation marks omitted); *see also Kalantar v. Lufthansa German Airlines*, 402 F.Supp.2d 130, 139 (D.D.C. 2005) (dismissing Title II claim brought by Iranian airline passenger because no enumerated category of establishments "even remotely resembles an airline, or indeed any other vehicle or mode of transportation"). Hospitals are not listed among the establishments to which Title II applies. *See Verhagen v. Olarte*, Civ. No. 89-0300, 1989 WL 146265, *4 (S.D.N.Y. Nov. 21, 1989) (noting that "Congress went to the effort of specifying those establishments which constitute places of public accommodation under § 2000a," and hospitals and clinics were not included).

### C.  Plaintiff Does Not Establish a Prima Facie Case of Discrimination

Even if HUH were a place of public accommodation for purposes of Title II, plaintiff does not show that he was denied full and equal enjoyment of its services without discrimination or segregation based on his race, color, religion, or national origin.

In order to prevail on a Title II claim, plaintiffs "must present sufficient evidence to constitute a prima facie case of racial discrimination." *Jackson v. Tyler's Dad's Place, Inc.*, 850 F.Supp. 53, 56 (D.D.C.1994), *aff'd*, 107 F.3d 923 (D.C. Cir. 1996) (table). Plaintiffs prove their prima facie case of discrimination if they show that: "(1) they are members of a protected class; (2) they attempted to contract for services and to afford themselves the full benefits and enjoyment of a public accommodation; (3) they were denied the right to contract for those services and, thus, were denied those benefits and enjoyments; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better." *Afkhami v. Carnival Corp.*, 305 F.Supp.2d 1308, 1322 (S.D. Fla. 2004).

Plaintiff alleges, in conclusory fashion, that HUH's refusal to treat his head and hand injuries "violates the nineteen sixty four federal civil rights law outlawing segregation." Amd. Compl. at 2. While such an allegation may be sufficient to survive a motion to dismiss, it cannot survive summary judgment. At this stage, plaintiff must "go beyond the pleadings" and show by affidavits, depositions, or answers to interrogatories that a genuine issue of material fact exists for trial. *See Celotex Corp.*, 477 U.S. at 324.

With his amended complaint, plaintiff submits exhibits to show that he sustained an injury on November 7, 2005 and that he registered at HUH on that day.[1] *See* Pl.'s Opp., Attach. (District of Columbia Fire and EMS Department form and HUH Emergency Department Records). He neither alleges nor offers evidence of any kind to show that HUH refused to treat his injuries for discriminatory reasons based on his race, color, religion, or national origin in violation of Title II of the Civil Right Act.

### III.  CONCLUSION

Plaintiff demonstrates neither that Howard University Hospital is a place of public accommodation for purposes of Title II of the Civil Rights Act of 1964, nor that the hospital discriminated against him on the basis of his race, color, religion, or national origin in refusing or failing to treat his injuries on November 7, 2005. Because plaintiff fails to set forth specific facts to show the existence of a genuine issue of material fact in dispute as to his Title II claim, he fails to meet his burden on summary judgment. Accordingly, the Court will grant defendant's motion

---

[1]    Other documents pertain to a misdemeanor criminal action, United States v. Ricky Pearson, Crim. No. M-11728-05, before the Superior Court of the District of Columbia. *See* Amd. Compl., Attach. (subpoena and correspondence regarding plaintiff's medical records). The relevance of these documents to the discrimination claim in the instant civil action is unclear.

for summary judgment. An Order consistent with this Memorandum Opinion will be issued

separately on this same date.

JOHN D. BATES
United States District Judge

Date: October 12, 2006